**GENERAL PORTLAND CEMENT COMPANY, Appellant,**

v.

**L. P. REED, Inc., and Martin & Grace, Inc., Appellees.**

No. 15221.

United States Court of Appeals
Fifth Circuit.

April 26, 1955.

Rehearing Denied July 19, 1955.

Roy H. Callahan, Laurence R. Taylor, Jr., Dallas, Tex., Philip H. Schofield, Chicago, Ill., for appellant.

W. E. Cureton, John F. Sheehy, Richey, Sheehy & Teeling, Scott, Wilson & Cureton, Waco, Tex., for appellees.

Before HOLMES and RIVES, Circuit Judges, and WRIGHT, District Judge.

HOLMES, Circuit Judge.

The appellees, plaintiffs below, contracted with appellant, defendant below, for the purchase of a large quantity of cement to be used in the construction of Whitney Dam in Texas. The cement

was shipped in 1,157 cars, all of which arrived and were receipted for; but the method of computing the weight at the dam site indicated a shortage of about 12,500 barrels, the equivalent of 30 car loads. Since all but a small portion of the cement had been paid for, the appellees instituted this suit for recovery of the alleged overpayment. A jury found, in response to special issue No. 1, that appellant delivered to appellees at Whitney, Texas, less cement than the total invoiced of 444,475.50 barrels. In response to issue No. 2, the jury also found from a preponderance of the evidence that the difference between the amount of cement invoiced to the appellees and the amount actually delivered at Whitney, Texas, was 6,308 barrels.

In accordance with the above verdict and the uncontradicted evidence in the record, the court below entered judgment for appellees against appellant for $20,756.39 with interest at 6% per annum from date thereof, and all costs of court. Notice of appeal was promptly given by the defendant, whose customary procedure in preparing carload shipments of cement for delivery to appellees was to weigh each loaded car of cement on track scales at its Fort Worth plant, subtract the car weight from the gross car and cement weight, convert the net weight thereby computed into barrels, and invoice appellees for the number of barrels so delivered. The material facts surrounding delivery are disputed, but testimony favoring appellees tends to reveal that the cement was shipped in sealed cars which, upon delivery, were not reweighed until converted into batches of concrete, automatically counted, each of which contained a known quantity of cement, which multiplied by the number of batches, gave the total weight, and showed a shortage of at least 6,308 barrels as compared with the amount invoiced, justifying a refund of $20,756.39, according to the jury's special verdict.

Appellant assigns as error the action of the court (1) in admitting evidence of the method used by the Army Engineers in determining the shortage, which is attacked as hearsay and as at variance with the contract; (2) in refusing to submit to the jury the special issues of waiver and estoppel; and (3) in unduly restricting testimony as to appellant's method of computing weights, particularly the testimony which characterized the deficiency as an unavoidable normal loss from shrinkage. To the contrary, appellees insist that nothing in the contract precluded them from recovering amounts paid for cement never actually delivered because of fraud or gross mistake in the weighing and invoicing by appellant. They attach much weight to the testimony of army engineers that the shortages found were caused by large and heavy deposits of caked cement on top of the railroad cars used to make delivery, averaging over 1,500 pounds each, which error was discovered by weighing the cars after the cement was removed and comparing the weights so found with the weights stenciled on the side of the car and used by appellant in arriving at the net weight of the cement delivered. It is significant that the losses in weight of cement delivered ceased after appellant, pursuant to appellees' request, cleaned the caked cement from the top of the cars used to effect delivery.

We think that plaintiffs' evidence of the method of computation used to determine the shortage was clearly admissible, and that there was no error in the court's failure to submit to the jury the defenses of waiver and estoppel; in fact, we do not regard any of the points raised by appellant as sufficiently prejudicial to warrant reversal. We think that the verdict was exceedingly favorable to the appellant, in view of the fact that the evidence warranted a verdict about twice as large. The judgment appealed from is affirmed.

Affirmed.